**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KSURE OF NEW YORK CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 13-124 Erie |
| | ) | District Judge McLaughlin |
| RAINEATER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

McLAUGHLIN, SEAN J., Chief Judge

I.  <u>Introduction</u>

This matter is before the Court upon Defendant's Motion to Set Aside Default [Dkt. 13] and Motion for Oral Argument [Dkt. 17].  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On May 3, 2013, Plaintiff Ksure of New York Corporation ("Plaintiff") instituted this action seeking money damages in the amount of $118,307.40 as a result of Defendant Raineater, LLC's ("Defendant") failure to make payments allegedly owed for the purchase of automobile windshield wiper blades.  On May 7, 2013, Defendant's President, Lance Thornton, was personally served with the Summons and Complaint in this action.  The Return of Service was entered on this Court's docket on May 29, 2013

[Dkt. 7], accompanied by a Request for Default Judgment [Dkt. 8].  The clerk entered default on May 30, 2013, and entered default judgment on May 31, 2013 [Dkt. 12].

The following day, June 1, 2013, Defendant filed the instant motion to set aside the default judgment.  In its motion, Defendant contends that the default judgment should be set aside because Thornton's travel schedule prevented him from meeting with counsel to discuss the lawsuit and because Thornton misunderstood the service date and believed he had until June 3, 2013, to respond to the Complaint.  (See Defendant's Brief in Support, Dkt. 14).  A telephonic oral argument was held on Friday, August 2, 2013.  This matter is now ripe for disposition.

II.    Discussion

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause."  The Third Circuit has established three factors which must be considered in determining whether to vacate an entry of default: whether the defendant has a meritorious defense; whether the plaintiff will be prejudiced; and whether the defendant's culpable conduct led to the default.  See, e.g., Feliciano v. Reliant Tooling Co, 691 F.2d 653, 656 (3rd Cir. 1982).  In considering these factors, we are mindful that the Third Circuit "does not favor entry of defaults or default judgments" and that "doubtful cases [should] be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits."  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3rd Cir. 1984) (internal quotations omitted).

Turning to the first factor, the Third Circuit has held that a meritorious defense is shown if the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." U.S. Currency, 728 F.2d at 195.  In the instant action, Plaintiff alleges that Defendant breached a contract with a third party, Daewoo, by refusing to pay for windshield wiper blades that Defendant purchased and Daewoo delivered.  In its proposed answer, Defendant contends that it has no obligation to pay because the windshield wipers delivered by Daewoo were of inferior quality and failed to conform to the requirements of the contract in various particulars.  (See Defendant's Ex. A, Proposed Answer, Dkt. 13).  It is axiomatic that a material breach of a contract by one party may alter, reduce or discharge the contractual obligations of the other party. See, e.g., CJS Contracts § 720 (2013).  Consequently, Defendant's allegations concerning Plaintiff's deficient performance, if proven at trial, could "constitute a complete defense to the action." U.S. Currency, 728 F.2d at 195.

With respect to the second factor, prejudice to the plaintiff generally arises "where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue the claim." Momah v. Albert Einstein Medical Center, 161 F.R.D. 304, 307 (E.D. Pa. 1995).  Typical considerations in evaluating this factor include the possibility of losing available evidence, the potential for coercion or fraud, and anything else that might impair the plaintiff's ability to pursue the claim.  Farnese v. Bagnasco, 687 F.2d 761, 764 (3rd Cir. 1982); see also Feliciano, 691 F.2d at 656-57.  In the instant case, Plaintiff contends that it would be prejudiced by the reopening of the default judgment because of Defendant's precarious financial status and the possibility of a bankruptcy filing.  Plaintiff

asserts that its position as an unsecured creditor might be jeopardized if Defendant continues to struggle financially while this action is pending.   However, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered at an early stage of the proceeding." Feliciano, 691 F.2d at 656-57.  The Court finds no likelihood that evidence will be lost or that fraud or coercion might occur if the default is overturned.  Moreover, the extremely brief time period between the entry of default judgment and Defendant's request to overturn that default also favors a finding of no prejudice.  See, e.g., Momah (holding that a delay of four business days between entry of default and the filing of an answer would not prejudice plaintiffs); Feliciano, 691 F.2d at 656-57 (entry of default set aside where defendant filed answer seven weeks after complaint was served).

Finally, the Court finds that Defendant's failure to file a timely answer or responsive motion to the Complaint was not culpable.  In order to be "culpable," the conduct leading to the entry of the default must have been willful, intentional, reckless or in bad faith.  Feliciano, 691 F.2d at 657.  "More than mere negligence is required." Momah, 161 F.R.D. at 308.  In the instant case, although Defendant's mistake as to the service date and unavailability to meet with his attorney might be characterized as neglectful, it does not rise to the level of willful, intentional or reckless conduct.  See Momah, 161 F.R.D. at 308 (concluding that counsel's mistake as to the due date for filing an answer was not culpable). Moreover, Defendant's contention that its failure to respond to the complaint was due to the mistaken impression that a response was not required until June 3 is corroborated by Defendant's immediate response upon the entry of default.

In sum, we find that all three of the relevant factors favor the Defendant. Accordingly, it is hereby ordered that Defendant's motion to set aside the default and default judgment is GRANTED and this matter is reopened.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KSURE OF NEW YORK CORPORATION,           )
                                          )
                                          )
                    Plaintiff,            )
          v.                              )     C.A. No. 13-124 Erie
                                          )     District Judge McLaughlin
RAINEATER, LLC,                           )
                                          )
                    Defendant.            )
                                          )
                                          )

## ORDER

AND NOW, this 15th day of August, 2013, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Default [Dkt. 13] and Motion for Oral Argument [Dkt. 17] are each GRANTED.

                              /s/ Sean J. McLaughlin
                              United States Chief District Judge

cm: All parties of record. ___