IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KSURE OF NEW YORK CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-124E |
| v. | ) ) | Judge Cathy Bissoon |
| RAINEATER, LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Having reviewed the parties' submissions regarding Ksure's Motion (Doc. 52) to ratify, join or substitute as a plaintiff its parent corporation, Korea Trade, the Court is constrained to deny that Motion and dismiss this case for want of jurisdiction. Ksure has no valid rights with respect to the dispute between Korea Trade and Raineater, and, thus, it has suffered no injury-in-fact. Under the circumstances, the Court lacks constitutional standing and it cannot reach Ksure's arguments under Federal Rule 17. In re Herley Indus. Inc. Sec. Litig., 2009 WL 3169888, *7 (E.D. Pa. Sept. 30, 2009) ("a plaintiff without constitutional standing [can]not use Rule 17 to substitute a new plaintiff who suffered the alleged injury-in-fact") (citations to collected authority omitted); *accord* Wright v. Stanley, 2014 WL 1668534, *2 (W.D. Okla. Apr. 25, 2014) ("Rule 17's real-party-in-interest rule [was] irrelevant" where movant "lacked standing to sue, meaning the [c]ourt lacked jurisdiction") (citation omitted).

As Ksure acknowledges, its parent corporation is not without redress, and the proper course is for it to "simply re-file the lawsuit." Ksure's Mot. at ¶ 13. Obviously, the dismissal of this case is without prejudice to Korea Trade's initiation of proceedings on its own behalf.

Consistent with the foregoing, Ksure's Motion (**Doc. 52**) to ratify, join or substitute is **DENIED**, and this case is DISMISSED for want of jurisdiction.[1]

January 12, 2015            s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Technically, Raineater's Motion regarding lack of standing is not currently before the Court. *Compare* Raineater's Mot. (Doc. 48) *with* text Order dated Jul. 8, 2014 (denying Motion, without prejudice, subject to automatic renewal once Ksure's Motion to ratify is resolved). Nevertheless, the Court believes that the standing issue sufficiently has been placed before the Court to deem it ripe for adjudication. Even assuming the contrary, the Court's duty to ensure jurisdiction extends to *sua sponte* rulings, and both parties have enjoyed notice and an opportunity to be heard.